### CITY OF NEW ORLEANS v. FISK et al., Executors.

Where a posterior testament contains no disposition from which a change of intention in the testator, with regard to a legacy in a prior will, can be presumed, the legacy will not be revoked. C. C. 1683, 1684, 1686.

APPEAL from the Second District Court of New Orleans, *Canon, J.*
*Morel* for the plaintiffs. *Prentiss, Finney, Benjamin* and *Micou,* for the appellants.

The judgment of the court was pronounced by

ROST, J. The facts of this case are similar to those which gave rise to the controversy lately determined by this court between *J. H. Lyons* and the same defendants. I Ann. Rep. 444. The first will of *Abijah Fisk* contained the following disposition :

"I give, devise, and bequeath to the City of New Orleans, my house at the corner of Custom-House and Bourbon streets, on condition that it shall be applied to the keeping of a library for the use and benefit of the citizens of the said city, to be used for no other purpose."

The City of New Orleans accepted the legacy with its conditions, and this action was brought to compel the executors to deliver it. The defendants resisted the claim of the plaintiffs on the ground that, the will under which it is claimed was *ipso facto* revoked by a posterior will of the testator, which they allege is alone valid. The court below gave judgment in favor of the plaintiffs, and the defendants appealed.

The judgment is in conformity with the opinion of the court in the case of *Lyons,* already adverted to. The will under which the plaintiffs claim was not revoked, and the posterior will contains no disposition, and shows no act of the testator, from which a change of intention, with regard to that legacy, can be presumed. Civil Code, arts. 1683, 1684, 1686.

*Judgment affirmed.*